UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:23-CR-161 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD WIMBERLY, JR., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Reginald Wimberly, Jr. ("Wimberly") filed a Motion to Reconsider Competency Determination or, alternatively, Motion for Current Psychological Evaluation. (Doc. 48.)  The government opposed this initial motion for reconsideration.  (Doc. 52.) Wimberly's new counsel filed an Amended Motion for Reconsideration requesting Wimberly's reading and comprehension abilities be reevaluated.  (Doc. 54).  The government opposed the amended motion (Doc. 55), and a responsive filing was submitted (Doc. 56).  The amended motion is the operative motion.  For the reasons stated below, Wimberly's Amended Motion for Reconsideration is DENIED.

I.      **BACKGROUND**

A federal grand jury in the Northern District of Ohio returned a seven-count indictment charging Wimberly with four counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1, 2, 4, 6), and two counts with Using, Carrying, or Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)

(Counts 3, 5). (Doc. 17.) Wimberly moved for a court-ordered competency evaluation (Doc. 30), which the government did not oppose (Doc. 21). After a hearing, the Court granted the motion and ordered a competency evaluation. (Doc. 22.) Wimberly was in state custody at the time of this Order. (Doc. 24 at 72.) At the conclusion of his state sentence, the government timely moved the Court for an order directing the Bureau of Prisons ("BOP") to designate a facility for the examination and to transport Wimberly forthwith. (*Id*. at 73.) With no response or opposition submitted by Wimberly, the motion was granted. (Doc. 25.)

On August 5, 2024, after the Court granted the BOP's request for a fifteen-day extension of time to finalize the competency evaluation and submit a report, the BOP submitted Dr. Kristin Conlon's forensic examination report. (Docs. 26-28.) A competency hearing was scheduled for September 3, 2024. On September 3, 2024, the competency hearing was continued at Wimberly's request so that he could submit to an independent competency evaluation. (9/3/2024 Minute Order; Doc. 33.) Wimberly's independent examiner, Dr. Ryan Mekota, filed his report on November 11, 2024. (Doc. 38.) Beginning on December 3, 2024, and continuing on December 4, 2024, the Court held a competency hearing and heard testimony from Dr. Conlon and Dr. Mekota. (12/3/2024 Minute Entry; 12/4/2024 Minute Entry.)

On December 30, 2024, the Court issued its Memorandum Opinion and Order holding that, for the reasons explained therein, Wimberly had a rational understanding of the proceedings and the ability to assist counsel in his defense. (Doc. 39.)

On March 25, 2025, Wimberly's then defense counsel filed a motion for reconsideration of the Court's December 30, 2024 Memorandum Opinion and Order or, in the alternative, for another competency evaluation. (Doc. 48.) Counsel identified concerns with Wimberly's cognition, adherence to his own ideas about how to defend himself in this case, insistence that he

does not have to review the government's discovery, and suspicion that defense counsel is working with the government. Counsel expressed concern that Wimberly was decompensating.

The next day, defense counsel filed a motion to withdraw or, alternatively, to have a second attorney appointed. (Doc. 49.) The reason for the motion being that counsel believed communications between him and Wimberly had broken down to the point that effective communication was not possible. On March 31, 2025, the Court held a hearing to address the motions. (3/31/2025 Minute Order.) Finding that the relationship had broken down and a continued attorney-client relationship was not tenable, the Court granted the motion to withdraw and appointed defense attorney James Kersey. (*Id*.) The Court allowed Mr. Kersey additional time to meet with Wimberly to determine what, if any, additional information should be presented relative to competency. (*Id*.; Doc. 51; 4/2/2025 Order.)

On April 26, 2025, Wimberly moved the Court to "reconsider, only in part, the previously filed motion for reconsideration for a competency examination. . . ." (Doc. 54 at 245.)[1] Citing his own observations as well as pages 3 and 4 of Dr. Mekota's Psychological Evaluation, counsel requested reconsideration and an order directing a further assessment of Wimberly's "reading and comprehension ability." (*Id*. at 246.) The government opposed on the grounds that Wimberly failed to show an intervening change in controlling law; new evidence; or clear error in the initial ruling must be addressed to prevent manifest injustice. (Doc. 55 at 248-49.) In reply, Wimberly stressed due process concerns if the matter proceeds without further evaluation. (Doc. 56 at 250.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

II.   **LAW AND ANALYSIS**

The Federal Rules of Criminal Procedure do not provide for a motion for reconsideration. Notwithstanding, courts presented with such motions in criminal cases apply the legal standard set forth in Federal Rule of Civil Procedure 59(e).  *United States v. Legette-Bey*, Nos. 24-3777/3777, 2025 U.S. App. LEXIS 10401, at *2-3 (6th Cir. April 29, 2025) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 298-99 (6th Cir. 2003)).  "[T]he reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration."  *Id.* (quoting *United States v. Boia*, No. 1:24-cr-00191, 2025 WL 610645, 2025 U.S. Dist. LEXIS 34229, at *1-2 (N.D. Ohio Feb. 26, 2025)).

The party seeking reconsideration must: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that clear error occurred or reconsideration is necessary to prevent manifest injustice.  *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  Motions for reconsideration are properly denied when premised on evidence available to and arguments made by the movant at the time of the original judgment.  *See Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989)**.**

Wimberly's amended motion for reconsideration is limited to requesting another evaluation of his reading and comprehension abilities.  (Doc. 54 at 246.)  To him, this limited request is made in an abundance of caution to assess the potential deprivation of a constitutional right should this matter proceed without a greater understanding of Wimberly's limited abilities to read and comprehend information.  (Doc. 56 at 250.)

Wimberly's reading abilities and cognitive functioning were addressed in Dr. Mekota's

Report (Doc. 38 at 130-31, 133) and in the Court's Memorandum Opinion and Order (Doc. 39 at 139-41).  Dr. Mekota noted Wimberly's acknowledged "issues with focus and concentration. . . ." (Doc. 38 at 127.)  Dr. Mekota concluded Wimberly has limited reading abilities and suffers from a "mild intellectual disability." (*Id*. at 131, 133.)  Dr. Conlon's report did not expressly address Wimberly's reading abilities, but she did conclude that Wimberly "demonstrated the ability to retain new information over time." (Doc. 28 at 97.)

As previously stated by the Court, the terms "intellectual disability" and "incompetent" are not interchangeable.  *United States v. Wilson*, No. 16-20420, 2022 WL 3044634, 2022 U.S. Dist. LEXIS 137109, at *33 (E.D. Mich. Aug. 2, 2022).  Evidence of an intellectual disability is probative evidence to be considered, but it is not determinative.  A person's limited ability to read does not, on its own, suggest that an individual cannot understand legal proceedings or assist counsel in his defense.  *See id.* (citing *United States v. Pruitt*, 429 F. App'x 155, 158 (3d Cir. 2011)).  Here, the Court considered Dr. Mekota's report in full, including his opinion that Wimberly demonstrated limited reading abilities and suffered from a mild intellectual disability.  As compared to the lengthier assessment and overall thoroughness of Dr. Conlon's evaluation, the Court determined that Dr. Conlon's opinion that Wimberly was competent was entitled to greater weight.

Wimberly's reading and intellectual disabilities were previously presented and argued to the Court.  They were considered in the Court's overall assessment of the evidence presented.  The Court determined that, after weighing all of the evidence presented, Wimberly is "more likely than not to have a rational understanding of the proceedings and [ ] able to assist counsel in his defense." (Doc. 39 at 143.)  Wimberly's motion does not state his ability to understand the proceedings or assist counsel is deteriorating, but rather that his reading and comprehension

limitations continue. Wimberly's motion presents no new argument or evidence. And although not specified in the motion, even the need to prevent manifest injustice has not been established here because the reasserted information was previously considered and weighed against Dr. Conlon's determination that Wimberly can, in fact, understand new information over time, appreciate the nature of these proceedings, and assist in his own defense.

## III. CONCLUSION

For the reasons stated herein, Defendant Reginald Wimberly, Jr.'s Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Date: May 14, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE